**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4692-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

A.L.,

    Defendant-Appellant.

_____

Submitted June 5, 2018 — Decided July 6, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Indictment No.
10-06-1887 and 06-01-0353.

Joseph E. Krakora, Public Defender, attorney
for appellant (Steven E. Braun, Designated
Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor,
attorney for respondent (Natalie A. Schmid
Drummond, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Defendant A.L. appeals from an April 13, 2017 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

In 2006, defendant was indicted and charged with seventeen crimes related to alleged sexual assaults of a fifteen-year-old female. The charges included multiple counts of first-degree aggravated sexual assault and first-degree kidnapping. Defendant pled guilty to one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4). He was evaluated at the Adult Diagnostic Treatment Center, but found not to be a compulsive sex offender within the purview of the Sex Offender Act, N.J.S.A. 2C:47-1 to -10. Accordingly, defendant was sentenced to six years in prison with two years of parole ineligibility as negotiated in his plea agreement. Defendant did not directly appeal his conviction or sentence.

Defendant was released from prison in 2009. In 2010, he was indicted for six crimes related to alleged sexual assaults of two females, one of whom was sixteen years old at the time of the assault. Defendant pled guilty to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), involving the adult victim, and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), involving the sixteen-year-old victim. In accordance with his plea agreement, in 2011, defendant was sentenced to an aggregate

term of five years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.[1]  Defendant also was sentenced to parole supervision for life and restrictions under Megan's Law, N.J.S.A. 2C:7-1 to -11.  Defendant did not directly appeal those convictions or sentences.

After completing his prison term for the 2011 convictions, defendant was civilly committed to the Adult Diagnostic Treatment Center in accordance with the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.

In 2015, defendant filed a PCR petition, contending that at neither his 2006 plea nor his 2011 pleas was he informed that he could be civilly committed.  Thus, defendant contended that both plea counsel had been ineffective and his pleas were not knowingly given.  Defendant was assigned counsel and the PCR judge, Judge Richard F. Wells, conducted an evidentiary hearing on March 10, 2017.  At that hearing, Judge Wells heard testimony from defendant and the defense counsel who had represented defendant during his 2011 pleas and sentence.  The counsel who had represented defendant at his plea in 2006 could not be located.

---

[1] Defendant was apparently again evaluated at the Adult Diagnostic Treatment Center in connection with his pleas in 2011, and found not to be within the purview of the Sex Offender Act.  We, however, were not provided with that report.

On April 13, 2017, Judge Wells issued a twenty-eight-page written opinion and order denying defendant's petition. Judge Wells first ruled that defendant's petition was not time-barred because defendant became aware of the alleged ineffective assistance of counsel only when he actually was civilly committed.

Judge Wells then analyzed defendant's claims related to his pleas in 2006 and 2011. In connection with the plea in 2006, the judge found that the evidence established that defendant had been advised of the potential for civil commitment. Judge Wells also found that defendant's testimony that he was not advised of that potential to be incredible. Thus, Judge Wells found that defendant had not established that his 2006 plea counsel was ineffective, nor had defendant established any prejudice. Accordingly, Judge Wells denied defendant's PCR petition related to his 2006 plea.

Turning to defendant's pleas in 2011, Judge Wells found that defendant also failed to establish ineffective assistance of counsel or prejudice. In that regard, Judge Wells found that the testimony of his plea counsel was credible when she testified that she routinely reviewed the potential for civil commitment with defendants charged with sexual assault. In contrast, the judge found defendant's testimony that he had not been so advised to be incredible. Consequently, Judge Wells ruled that defendant had

A-4692-16T1

not established a claim of ineffective assistance of counsel in connection with his 2011 pleas.

Finally, Judge Wells analyzed, but rejected defendant's claim that his pleas were not given knowingly, voluntarily, and intelligently. Judge Wells found that both plea counsel reviewed with defendant forms that discussed the potential for his civil commitment. The judge also found that both of the judges who took the pleas reviewed with defendant that he had gone over and understood those forms. Accordingly, Judge Wells found that the pleas were taken in compliance with State v. Bellamy, 178 N.J. 127, 131, 138 (2003), and that all of the pleas were given voluntarily, knowingly, and intelligently.

On appeal, defendant makes three arguments, which he articulates as follows:

> POINT I — DEFENDANT WAS NOT PROPERLY ADVISED REGARDING THE POSSIBILITY OF CIVIL COMMITMENT BY EITHER HIS DEFENSE ATTORNEYS OR THE TRIAL COURTS, AND ACCORDINGLY, HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEAS OF GUILTY TO BOTH INDICTMENTS
>
> POINT II — INDICTMENT 06-01-353 SHOULD NOT HAVE BEEN THE SUBJECT OF CIVIL COMMITMENT AS THE OFFENSE TO WHICH DEFENDANT PLED GUILTY WAS NOT A VIOLENT SEXUAL OFFENSE
>
> POINT III — THE MATTER SHOULD BE REMANDED IN LIGHT OF THE FAILURE OF THE STATE TO ESTABLISH THAT DEFENDANT WAS COMMITTED IN ACCORDANCE WITH LAW

We reject defendant's first argument substantially for the reasons explained by Judge Wells in his thorough and well-reasoned opinion. The factual findings by Judge Wells are supported by substantial credible evidence in the record, and he correctly applied those facts to the law. See State v. Nash, 212 N.J. 518, 540 (2013) (recognizing the "deferential standard of review" used when a PCR court conducts an evidentiary hearing).

Defendant did not raise his second argument in his PCR petition or at the evidentiary hearing. Accordingly, we decline to address it for the first time on this appeal. State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006). Although defendant made reference to his third argument — that he was not given notice of or a hearing for his civil commitment — that issue was not properly raised before or addressed by the PCR court. Just as importantly, defendant has not provided us with the record to evaluate that contention. Accordingly, we will not consider defendant's third argument. We further note that defendant's second and third arguments are contentions related to his civil commitment and are not properly the subject of a PCR petition concerning his 2006 and 2011 guilty pleas.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4692-16T1